UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RUDOLPH HAWTHORNE,

                    Petitioner,

      - against -

ELIOT SPITZER,

                    Respondent.
-------------------------------------------------------x



## ORDER

07-cv-4128 (NG) (CLP)

**GERSHON, United States District Judge:**

On January 22, 2010, the court adopted the Report and Recommendation of Magistrate Judge Pollack in part, and sought further evidence on Mr. Hawthorne's claim that his counsel was ineffective at the pre-trial suppression hearing. Having reviewed the affidavit of Mr. Morris Mirsky, Esq., petitioner's trial counsel in that case, and the record in this case, I am satisfied that Mr. Hawthorne's objections are without merit.

Mr. Hawthorne first alleges that his lawyer did not allow him to testify at the pre-trial hearing. This claim, taken alone, does not merit habeas relief. While the Supreme Court has acknowledged the absolute personal right to testify at one's trial, it is still an open question whether the same right applies to the defendant's testimony at a pre-trial hearing. *See* 28 U.S.C. § 2254(d) (stating that a federal court may grant habeas corpus relief only when a state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States[.]") Because there is no clear Supreme Court case on this issue, a state court's rejection of a claim based on a lawyer's refusal to allow his client to testify at a pre-trial hearing does not, without more, involve an "unreasonable application of clearly established Federal law." *See Gomez v. Duncan*, No.

02-cv-0846, 2004 WL 119360 at * 35 (S.D.N.Y. Jan. 24, 2004) (explaining that the Supreme Court has not determined whether the right to testify applies to a pre-trial proceeding).

Even if Mr. Hawthorne's contentions are construed to state a claim that his counsel was ineffective for not allowing him to testify at the pre-trial hearing, he has not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984). Given the Second Circuit's instruction to "offer the assertedly ineffective attorney an opportunity to be heard and present evidence" in habeas cases, *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1988), this court requested an affidavit from Mr. Morris Mirsky, who represented Mr. Hawthorne at his suppression hearing. Although Mr. Mirsky did not recall his representation of Mr. Hawthorne, he attested that at the time he represented Mr. Hawthorne, he had been practicing law for 40 years, and that he "always made it a practice to confer with [his] clients at every stage of the proceeding including conferring with them the opportunity to testify before the grand jury and testifying at the trial and the ramifications of the appearances."

In light of this affidavit and the other evidence in the record, petitioner has not satisfied *Strickland*. In applying *Strickland*, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound legal strategy." *Strickland*, 466 U.S. at 688 (internal quotation marks omitted). The court finds no reason to discredit Mr. Mirsky's representation that it is his practice to discuss the ramifications of testifying with defendants. And even if Mr. Mirsky, did in fact, contrary to his affidavit, fail to inform petitioner that he could testify, or otherwise advise him that he should not, this advice would not "fall below an objective standard of reasonableness," particularly given the well-known strategic reasons why a lawyer may advise his client not to testify at such a hearing. *See Hemingway v. Henderson*, 754 F. Supp. 296, 302 (E.D.N.Y. 1991)

(explaining the "potential risks that would give any competent defense counsel reason to reflect carefully before advising a defendant to testify," such as the risk of a "bad performance on the witness stand" or an "implausible story.").

Mr. Hawthorne has also failed to meet his burden of "affirmatively prov[ing] prejudice" from his failure to testify, see *Strickland*, 466 U.S. at 693, or from his attorney's decision not to cross-examine Detective Edgecombe or Detective Bardin about the interview where Mr. Hawthorne confessed. Each officer corroborated the other's testimony of the events surrounding Mr. Hawthorne's confession. Further, a Miranda card, initialed with the date and the time by Mr. Hawthorne, supported their account of the events. At trial, petitioner testified regarding the circumstances of his confession, and the jury rejected his explanation for his confession. Therefore, petitioner has failed to show how, if his lawyer had put him on the stand or cross-examined the detectives differently, there is a "reasonable probability" that "the result of the proceeding below would have been different" and that his confession would have been excluded. *See id.* at 694.

For the foregoing reasons, Mr. Hawthorne's petition is denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c).

SO ORDERED.

NINA GERSHON
United States District Judge

Dated: September 20, 2010
Brooklyn, New York